UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL ELECTION COMMISSION,<br><br>Defendant. | Civil Action No. 08-0639 (JDB) |

## ORDER

On April 14, 2008, the Democratic National Committee ("DNC") filed this lawsuit against the Federal Election Commission ("FEC") seeking declaratory and injunctive relief with respect to the FEC's "continuing inability and failure . . . to act on an administrative complaint filed" by the DNC.  See Compl. ¶ 1.  Following a notice by the FEC, this Court ordered the DNC on May 2, 2008 to show cause why this action should not be dismissed in light of 2 U.S.C. § 437g(a)(8)(A) and the D.C. Circuit's decisions in Perot v. FEC, 97 F.3d 553 (D.C. Cir. 1996), and In re Carter-Mondale Reelection Comm., Inc., 642 F.2d 538 (D.C. Cir. 1980).  The DNC responded to that order on May 12, 2008.  Upon review of that filing, and for the reasons identified below, the Court concludes that it presently lacks jurisdiction to entertain this action.  Hence, the complaint will be dismissed without prejudice.

The DNC alleges that Senator John McCain's presidential campaign has violated the Presidential Primary Matching Payment Account Act, 26 U.S.C. § 9031 et seq., "by failing to comply with the statutory spending limits and other requirements imposed on candidates for President who commit themselves to participation in the public matching funds program in

-1-

seeking their Party's nomination." See DNC Resp. at 3. The Federal Election Campaign Act ("FECA"), 2 U.S.C. §§ 431-55, authorizes the FEC to hear complaints alleging violations of the Matching Payment Act. On February 25, 2008, the DNC filed an administrative complaint with the FEC regarding the activities of Senator McCain's campaign. The FEC has taken no action to date on that complaint. Indeed, because there are only two Commissioners currently seated on the FEC, the agency cannot even initiate an investigation into the allegations made in the DNC's complaint. See FEC Stmt. at 4. That is because the decision to initiate an investigation requires the affirmative vote of four of more Commissioners that "there is 'reason to believe' a violation has occurred." See id. (quoting 2 U.S.C. § 437g(a)(2)). In other words, the FEC currently lacks a quorum to take any action on the DNC's complaint, which, of course, is the problem that lies at the heart of this matter in the first place.

The FEC retains exclusive jurisdiction over initial complaints pursuant to FECA. See In re Carter-Mondale, 642 F.2d at 542 ("[T]he exclusive jurisdiction of the FEC extends to assure that the Commission's initial investigation is completed, or the statutory time limit allowed for an investigation has expired, before any judicial review is invoked."). The relevant provisions governing judicial review are found in 2 U.S.C. §§ 437g(a)(8)(A) - (C). Section 437g(a)(8)(A) provides:

> Any party aggrieved by an order of the Commission dismissing a complaint filed by such party . . . or by a failure of the Commission to act on such complaint during the 120-day period beginning on the date the complaint is filed, may file a petition with the United States District Court for the District of Columbia.

Section 437g(a)(8)(C) goes on to state that a "court may declare that the dismissal of the complaint or the failure to act is contrary to law, and may direct the Commission to conform with such declaration within 30 days." See 2 U.S.C. § 437g(a)(8)(C). On its face, then, in the case of agency inaction Section 437g(a)(8)(A) requires that a party wait for the 120-day exclusivity

period to expire before filing a judicial petition.

Notwithstanding the seemingly clear import of Section 437g(a)(8)(A), the DNC contends that the "statutory provision, by its terms, does not require an aggrieved party to wait 120 days before <u>filing</u> a petition with this Court." <u>See</u> FEC Resp. at 5 (emphasis in original). Instead, as the DNC would have it, this Court is merely prohibited from taking <u>action</u> on the DNC's complaint until after the expiration of the 120-day period. The Court disagrees. To begin with, the plain text of Section 437g(a)(8)(A) is inconsistent with the DNC's proffered reading. The statute indicates that a party may <u>file</u> a petition only after the expiration of the 120-day period; it does not state, as the DNC contends, that a party may file a petition before that time so long as it does not request immediate court action.

Moreover, the FEC is correct that the "D.C. Circuit has held that expiration of the 120-day time period is a jurisdictional precondition to challenges brought under section 437g(a)(8)." <u>See</u> FEC Notice at 7. In <u>Carter-Mondale</u>, the court stated: "Only after [the 120-day] period has expired may a person aggrieved by the failure of the FEC to act on a complaint file a petition in this court for review." 642 F.2d at 543. The D.C. Circuit reiterated that position in <u>Perot</u>. There, the court declined to "ignore these elaborate statutory requirements and force the FEC to act immediately," even though the court's refusal to do so may have led the petitioner to "suffer irreparable harm." <u>Perot</u>, 97 F.3d at 558. The Supreme Court, the D.C. Circuit noted, has instructed that "if 'Congress specifically mandates, exhaustion is required.'" <u>Id.</u> at 559 (quoting <u>McCarthy v. Madigan</u>, 508 U.S. 140, 144 (1992)). And the court explained: "Section 437g is as specific a mandate as one can imagine; as such, the procedures it sets forth -- procedures purposely designed to ensure fairness not only to complainants but also to respondents -- must be followed before a court may intervene." <u>Id.</u> at 559.

Indeed, the DNC itself cites to language from Perot that critically undermines its position. The D.C. Circuit stated:

> Congress could not have spoken more plainly in limiting the jurisdiction of federal courts to adjudicate claims under the FECA. The statute explicitly states that "except as provided in section 437g(a)(8) of this title, the power of the [FEC] to initiate civil actions under subsection (a)(6) shall be the exclusive remedy for the enforcement of the provisions of this Act."

Perot, 97 F.3d at 557-58 (quoting 2 U.S.C. § 437d(e)). The DNC argues that the quoted excerpt implies only that a court may not take action during the FEC's 120-day exclusivity period; in that sense, the argument goes, the case remains within the "exclusive" jurisdiction of the FEC. That position is untenable. "Exclusive jurisdiction" means just that: the case belongs with the FEC and not a judicial tribunal. Moreover, this Court cannot retain a case on its docket on the theory that the Court might obtain jurisdiction over the matter at some point in the future. See, e.g., Gabauer v. Woodcock, 594 F.2d 662, 673 (8th Cir. 1979) ("Congress has explicitly expressed its desire to have the FEC engage in methods of conference, conciliation and persuasion before litigation ensues over any federal election laws. . . . We should not permit circumvention of such negotiation under the guise of a parallel cause of action. Thus, the claim for future injunctive relief must be dismissed for lack of jurisdiction.") (emphasis added).

Nevertheless, the DNC argues that the Court should dispense with the 120-day waiting period because that condition would be futile here. According to the DNC, there is no reason to abide by the statutory time limits because the FEC cannot undertake any action in this case due to a lack of quorum. Thus, the purpose of the exclusivity period -- "to provide the FEC with a reasonable period of time to complete its enforcement procedures," see DNC Resp. at 7 -- would not be served here. The DNC's position is belied, however, by the President's recent nomination of three additional individuals to the FEC. See Nominations and Withdrawal Sent to the Senate,

-5-

at http://www.whitehouse.gov/news/releases/2008/05/20080506-12.html.  Although there is surely no guarantee that those nominations will result in confirmations that will permit the FEC to take timely action in this case, this development further counsels against departing from the statutory time limits imposed by Congress.  The DNC's remaining arguments similarly amount to nothing more than an invitation to set aside Congress's framework.  The Court declines that invitation.

      For the foregoing reasons, it is hereby **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

      **SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Date: May 14, 2008